# Cincinnati, New Orleans & Texas Pacific Railway Company v. Hill.

(Decided November 24, 1914.)

## Appeal from Boyle Circuit Court.

Master and Servant—Accidental Injury—Master Not Liable.—An experienced section-hand on a railroad, while operating a tricycle car, was ordered by his foreman, who was also on the car, to stop the car by applying the brake. In attempting to do this his arm struck some tools that he had placed on the car, and as a result his hand was thrown in contact with the machinery and injured. Held, that the railway company was not liable. The injured employe placed the tools on the car, knew where they were and was familiar with the location of the brake and the operation of the car, and his injury, under these circumstances, was attributable to accidental causes.

CHAS. H. RODES, NELSON D. RODES and JOHN GALVIN for appellant.

JOHN W. RAWLINGS and HARDING & PURYEAR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This appeal is prosecuted in an effort to reverse a judgment obtained in the Boyle Circuit Court by Henry Hill, the appellee, for $660, recovered in a personal injury suit.

Henry Hill, a man about 49 years old, was working for the railway company as a section hand in January, 1912, and had been employed in this capacity for something more than a year. It appears from the evidence that E. Massey was the section foreman in charge of the crew to which Hill and Jourdan Davis, who was with Hill at the time he sustained the injuries complained of, belonged, and that Jourdan Davis, who had been working as a section hand for several years, took the place of Massey, as foreman, in the absence of Massey. That one night in 1912 Massey directed Davis to take Hill and go out on the road about three miles from Danville and clear the track of snow and ice. That they started out to the appointed place on a railway tricycle, a little car propelled by hand, with two wheels and a seat for two persons, as well as a place on which tools could be put, on one side, and a single wheel on the other side, the two wheels running on one rail and the single wheel

running on the other rail. That when they started out on this car, Hill, under the direction of Davis, put in the place set apart for tools a spike maul, wrench and pick.

That when they started Davis was riding in front operating the car, and Hill was sitting immediately behind him on the seat. That when they had gone some distance the car was stopped and Hill and Davis exchanged seats, Hill taking the place of Davis and operating the car, while Davis sat behind him. That after they had gone in this way a short distance, Davis told Hill to stop the car with the brake, and when he attempted to do this by applying the brake that was right under him, or near where he was sitting, his arm or hand, in some way not very well explained, came in contact with the tools on the car, and when his hand or arm came in contact with the tools, his fingers, in some way not clearly shown, caught in the cog wheels of the car, and one was cut off and another badly mashed.

The suit was brought under the Federal Employers' Liability Act, and the case for Hill was practiced upon the theory that Davis, who was the foreman in charge, directed him to stop the car with the brake, and in obedience to this order, and while attempting to obey it, he received the injuries complained of. That, under the circumstances, it was negligence on the part of Davis to order Hill to apply the brake, as in doing so he might probably come in contact with the tools and be injured. That Hill did not know or appreciate the danger that would attend operating the brake, and could not see in the dark the location of the tools.

Hill testified, in substance, that when Davis told him to stop the car, he stopped, or tried to stop, it, with his feet against the ties, and then attempted to get hold of the brake, when the tools jostled against his arm and knocked his hand in the cogs. He could not tell how close his hand had got to the brake when it was jostled by the tools, but said that he was obeying the order of Davis in attempting to get hold of the brake.

He further said that he did not know there was any danger of coming in contact with the tools in attempting to take hold of the brake, or appreciate the consequences that might follow if his hand was jostled or struck by the tools. That he had not had a great deal of experience in operating cars like this, although he had run them and seen them run. He further said that Davis was in a better position to take hold of the brake and

stop the car than he was, and that Davis could have taken hold of the brake and stopped the car without danger to himself.

It is very difficult to understand, from this evidence, in what particular the railway company was guilty of negligence, and we do not think that the record shows that it was, or that this injury to Hill was brought about by any negligence on its part, acting through its foreman, Davis. As the case was brought under the Federal Employers' Liability Act, we will leave out of view entirely, in disposing of it, any question of contributory negligence on the part of Hill, and put our decision on the ground that there is no negligence shown on the part of the railway company. Unless it was negligent, or failed to perform some duty that it owed to Hill, or directed him to do something that he should not have been directed to do under the circumstances, there can of course, be no recovery.

Hill was not a young or inexperienced man. He had been working for the railway company as section hand for more than a year, and in this time had seen these little cars time and again and had ridden on them at least several times. The machinery of the car was very simple and the brake easy to apply; so that any person, whether he had had experience or not, could safely run the car and apply the brake.

Hill also knew the tools were on the car, what kind of tools they were, and where they had been put, because he placed them on the car himself. All that Davis told him to do was to stop the car by applying the brake, and in doing this his hand or arm came in contact with the tools and his hand was jostled into the cogs. We think it manifest that Davis, in giving this order, was not guilty of any negligence, and that the injury was caused by the accidental striking of Hill's arm against the tools.

It seems to us that this case is controlled in all of its essential features by the opinion in Fitzpatrick v. L. & N. R. R. Co., 144 Ky., 465. It appears from the opinion in that case that Fitzpatrick was injured by falling from a hand-car by reason of the fact that the lever of the car struck against a sack of coal that had been placed on the car, and which had fallen over or gotten out of place. As said in the opinion:

"The only negligence claimed by appellant was in allowing the sack of coal to be placed upon the hand-car. It was placed in plain view of all the men on the

hand-car, and in a position where it came in contact with none of the mechanism of the car. It did not crowd the car; it did not take up an unusual amount of room, and was placed in a position against the lever casing, where it in no way interfered with the operation of the car."

The appellee relies on the case of Ward v. L. & N. R. R. Co., 23 Ky. L. R., 1326, but that case does not, as we think, sustain the view presented by counsel. From the facts, it seems that the hand-car on which Ward was working was loaded with kindling wood of various sizes, and this wood in the center of the car was heaped higher than the open top of the boxing that surrounded the upright piece, in the top of which the lever worked and below which were the cog wheels of the car. The accident was caused by a piece of the kindling heaped above this open boxing dropping down into the hole beside the lever and getting into the cog wheels. In holding that the company was negligent, the court said, in reference to the foreman in charge of the car:

"It was the foreman's duty before starting his car to see that it was in a safe condition to be operated. The short pieces of kindling which were piled above the hole in which the lever worked might reasonably be anticipated to work down in the open hole and bring about just the result that happened. There was, therefore, evidence from which the jury might have inferred negligence on the part of the section boss in starting his car in this condition."

In the case we have there was no negligence in putting the tools on the car; there was no negligence in ordering Hill to apply the brake to the car; there was no defect of any kind in the makeup of the car, and, as we have stated, the injury occurred by reason of the fact that Hill's arm accidentally came in contact with the tools on the car, and thereby caused his hand to get into the cog wheels.

We think the jury should have been directed to return a verdict for the railway company, and if, upon another trial, the evidence is substantially the same as upon this one, the court will so instruct the jury.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.