# FLORENCE HEIN v. GREAT NORTHERN RAILROAD, a Corporation.

## (159 N. W. 14.)

**Damages — negligence — action — directed verdict — motion for — Federal Employers' Liability Act — benefits under — claimed by answer — — pleading.**

1. Plaintiff, wife of Michael Hein, deceased, recovered a judgment for his death, occasioned through negligence of defendant based upon the state statutes, §§ 8321–8323, Comp. Laws. 1913.

Deceased was killed in a collision while driving an engine of defendant, hauling a loaded gravel train *en route* from Palermo, North Dakota, into Montana. The gravel was for use in Montana as railway ballast.

Motion for a directed verdict upon the ground that recovery was barred by the Federal Employers' Liability Act was denied. Verdict for $4,000 was returned; defendant appeals.

*Held:* It is not necessary that the benefits of the Federal act be claimed by answer. The motion for a directed verdict invoked said statute.

**Federal act — state statutes — superseded — proof.**

2. Under the proof the Federal act operated to supersede the state statutes upon the authority of which rests plaintiff's right to maintain this action.

**Federal act — suit by plaintiff as individual — personal representative of deceased — dismissal.**

3. Under the Federal act plaintiff could not sue as an individual. Under the statute suit must be brought by personal representative of the deceased, and this action, controlled by it, should have been dismissed upon the motion for a directed verdict.

**Railroad company — engines — operated by deceased — time of accident — interstate traffic — proof — interstate commerce.**

4. When it was proven that deceased was operating an engine of defendant, hauling a freight train for a part of a continuous haul from North Dakota into Montana, though another train crew would have taken the train at Wil-

---

Note.—For authorities passing upon the constitutionality, application, and effect of the Federal Employers' Liability Act, see comprehensive notes in 47 L.R.A. (N.S.) 38, and L.R.A.1915C, 47, in which former note cases will be found on page 47 supporting the conclusion that the Federal act supersedes the common law and all state legislation upon the subject, and on page 73, holding that the provisions of the statute giving a cause of action to the personal representative must be closely followed.

liston into Montana, defendant was shown to have been engaged at the time of the accident in interstate commerce, irrespective of the fact that the matter transported was material for its use upon its own lines in repair work; nor was it necessary, to invoke the provisions of the act, that the proof disclose that such materials were to be used upon its *main line,* as distinguished from sidetracks or branch lines. Transportation of gravel by said common carrier across state lines is interstate commerce within the meaning of the Federal Employers' Liability Act, under the Federal decisions controlling upon state courts.

**Deceased — interstate commerce — engaged in — at time of death — Federal act — recovery — must be under.**

5. As deceased came to his death when engaged in facilitating interstate commerce then being carried on by defendant, any recovery must be had under the Federal act, to the exclusion of state statutes.

**Verdict — judgment — set aside — action dismissed.**

6. The verdict and judgment entered thereon are ordered set aside, and this action dismissed.

Opinion filed July 20, 1916.

Appeal from District Court, Ward County, *Leighton,* Judge.

Reversed, and ordered dismissed.

*Murphy & Toner,* for appellant.

If plaintiff was living in adultery, and the decedent did not support her, she could not recover in this action. The court erroneously limited and restricted defendant in its proof in these respects. Defendant had the right to have evidence of these facts go to the jury. Ferren v. Moore, 59 N. H. 106; Boos v. Minneapolis, St. P. & S. Ste. M. R. Co. 127 Minn. 381, 149 N. W. 660; Stimpson v. Wood, 59 L. T. N. S. 218, 57 L. J. Q. B. N. S. 484, 36 Week. Rep. 734, 52 J. P. 822; Ft. Worth & D. C. R. Co. v. Floyd, — Tex. Civ. App. —, 21 S. W. 544; Atrops v. Costello, 8 Wash. 149, 35 Pac. 620; Cole v. Mayne, 122 Fed. 836; 2 Labatt, Mast. & S. § 727.

"It is a right given to the parties named in the statute to recover damages for the death of their relative, when, and only when, the death has caused such parties a pecuniary loss, and to the extent only of such pecuniary loss." It is clear that decedent was not contributing to the support of the plaintiff at the time of his death, and for a long time prior thereto, and therefore, if plaintiff was entitled to anything, it

would be only nominal damages. Hurst v. Detroit City R. Co. 84 Mich. 539, 48 N. W. 44; Charlebois v. Gogebic & M. R. Co. 91 Mich. 59, 51 N. W. 812; McGown v. International & G. N. R. Co. 85 Tex. 289, 20 S. W. 80; Kearney Electric Co. v. Laughlin, 45 Neb. 390, 63 N. W. 941; Orgall v. Chicago, B. & Q. R. Co. 46 Neb. 4, 64 N. W. 450; Belding v. Black Hills & Ft. P. R. Co. 3 S. D. 369, 53 N. W. 750; Safford v. Drew, 3 Duer, 627; Duckworth v. Johnson, 4 Hurlst. & N. 653, 157 Eng. Reprint, 997, 29 L. J. Exch. N. S. 25, 5 Jur. N. S. 630, 7 Week. Rep. 655; Central of Georgia R. Co. v. Alexander, 144 Ala. 257, 40 So. 424; Bromley v. Birmingham Mineral R. Co. 95 Ala. 397, 11 So. 341; Louisville & N. R. Co. v. Jones, 130 Ala. 456, 30 So. 586; Louisville & N. R. Co. v. Morgan, 114 Ala. 449, 22 So. 20; Kelley v. Chicago, M. & St. P. R. Co. 50 Wis. 381, 7 N. W. 291, 2 Am. Neg. Rep. 294.

The case here proved is clearly one under the Federal Employers' Liability Act. Under the case proved, decedent's widow was not the proper party plaintiff. She cannot maintain this action. The cause of action pleaded and sought to be enforced was not recognized at the common law. It must have been brought under the state statute, and this statute is superseded by the Federal act. Michigan C. R. Co. v. Vreeland, 227 U. S. 59–67, 57 L. ed. 417–420, 33 Sup. Ct. Rep. 192; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 57 L. ed. 1129, 33 Sup. Ct. Rep. 651, Ann. Cas. 1914C, 156; Toledo, St. L. & W. R. Co. v. Slavin, 236 U. S. 454, 59 L. ed. 671, 35 Sup. Ct. Rep. 306; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779; Bacon v. Texas, 163 U. S. 207, 215, 41 L. ed. 132, 135, 16 Sup. Ct. Rep. 1023; Norfolk & S. Turnp. Co. v. Virginia, 225 U. S. 269, 56 L. ed. 1086, 32 Sup. Ct. Rep. 828; Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, chap. 149, Comp. Stat. 1913, § 8657; Second Employers' Liability Cases, Mondou v. New York, N. H. & H. R. Co. 223 U. S. 153, 56 L. ed. 327, 347, 38 L.R.A.(N.S.) 44, 32 Sup. Ct. Rep. 169, 1 N. C. C. A. 75; Briggs v. Walker, 171 U. S. 466, 471, 43 L. ed. 243, 245, 19 Sup. Ct. Rep. 1; American R. Co. v. Birch, 224 U. S. 547, 557, 56 L. ed. 879, 882, 32 Sup. Ct. Rep. 603; Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 576, 57 L. ed. 355, 363, 33 Sup.

Ct. Rep. 135, Ann. Cas. 1914B, 134; Troxell v. Delaware, L. & W. R. Co. 227 U. S. 434, 443, 57 L. ed. 586, 591, 33 Sup. Ct. Rep. 274.

The deceased was engaged in interstate commerce. The mere fact that the yard was a terminal point for that train does not change the situation. McNeill v. Southern R. Co. 202 U. S. 543, 559, 50 L. ed. 1142, 1147, 26 Sup. Ct. Rep. 722; Johnson v. Southern P. Co. 196 U. S. 1, 21, 49 L. ed. 363, 371, 25 Sup. Ct. Rep. 158, 17 Am. Neg. Rep. 412.

The true test is: "Is the work in question a part of the interstate commerce in which the carrier is engaged?" McCall v. California, 136 U. S. 104, 109, 111, 34 L. ed. 391–393, 10 Sup. Ct. Rep. 881, 3 Inters. Com. Rep. 181; Zikos v. Oregon R. & Nav. Co. 179 Fed. 898; Central R. Co. v. Colasurdo, 113 C. C. A. 379, 192 Fed. 901; Darr v. Baltimore & O. R. Co. 197 Fed. 665; Northern P. R. Co. v. Maerkl, 117 C. C. A. 237, 198 Fed. 1.

Deceased was engaged in the doing of minor tasks which were essentially a part of the larger one,—the interstate commerce in which the company and these immediate employees were then engaged. Lamphere v. Oregon R. & Nav. Co. 47 L.R.A.(N.S.) 1, 116 C. C. A. 156, 196 Fed. 336; Horton v. Oregon-Washington R. & Nav. Co. 72 Wash. 503, 47 L.R.A.(N.S.) 8, 130 Pac. 897; Johnson v. Southern P. Co. supra; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 161, 57 L. ed. 1129, 1134, 33 Sup. Ct. Rep. 651, Ann. Cas. 1914C, 156; Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 503, 58 L. ed. 1062, 1069, L.R.A.1915C, 1, 34 Sup. Ct. Rep. 635, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834.

*E. R. Sinkler, Francis J. Murphy* and *Geo. A. McGee,* for respondent.

The real issue in this case, on the question of support, is not what deceased was doing two years prior to his death toward supporting plaintiff, but what support he was giving her immediately prior to and at the time of his death. Their relations two years prior were immaterial. It is purely a question of pecuniary compensation. Louisville & N. R. Co. v. Orr, 91 Ala. 546, 8 So. 360.

In an action brought under the statute by a widow to recover damages for the wrongful killing of her husband, where the complaint shows that deceased left surviving him a widow and minor children of tender

years, no specific allegations showing that such widow and children suffered pecuniary damages by the loss of such life are required. Haug v. Great Northern R. Co. 8 N. D. 23, 42 L.R.A. 664, 73 Am. St. Rep. 727, 77 N. W. 97, 5 Am. Neg. Rep. 467.

The mere fact of hauling gravel from one state to another, for the use and repair of the defendant's own railroad, does not show that defendant was engaged in interstate commerce; the facts do not show that defendant was engaged in commerce. Norfolk & W. R. Co. v. Com. 93 Va. 749, 34 L.R.A. 105, 57 Am. St. Rep. 827, 24 S. E. 837; 7 Cyc. 412.

Defendant was not even engaged in the repair of its main line, assuming that it might be commerce had it been so engaged; but decedent and defendant were repairing other pieces of track. Zikos v. Oregon R. & Nav. Co. 179 Fed. 893; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779.

Goss, J. Plaintiff, widow of Michael Hein, deceased, sues under the state statutes governing recovery for death by wrongful act, §§ 8321–8323, Comp. Laws 1913. The complaint pleads acts of alleged negligence as having caused the death of Michael Hein.

The proof establishes that deceased came to his death through a collision between two gravel trains both hauling gravel *en route* to Montana, but at the time within this state. At the close of the testimony the court denied a motion for a directed verdict of dismissal, based "On the ground that the undisputed evidence discloses that this case is one in which the Great Northern Company's liability, if any, is controlled by the Federal statute known as the Employers' Liability Law; and if liable, said company is only liable to the personal representative of the deceased, Michael Hein, and not to the plaintiff; and that the party plaintiff here is not the real party in interest, or a person having a cause of action against said defendant railroad company." A verdict for $4,000 was returned.

Assignments based upon the denial of said motion test plaintiff's right to maintain this action and sustain her recovery. Two questions necessary of decision are raised. 1. Does the Federal Employers' Liability Act apply under the proof? 2. Can the benefit of Federal

statutes be invoked by a directed verdict where the answer makes no reference to such a defense, or at all. This latter question, first discussed, is answered in the syllabus of Grand Trunk Western R. Co. v. Lindsay, 233 U. S. 42, 58 L. ed. 838, 34 Sup. Ct. Rep. 581, Ann. Cas. 1914C, 168, that "the operation and effect of the Employers' Liability Act upon the rights of the parties are involved in an action for negligence where the complaint alleges and the proof establishes that the employee was engaged in, and the injury occurred in the course of, interstate commerce, even though the act was not referred to in the pleadings or pressed in the trial." Of the same contention here made, the opinion reads: "This simply amounts to saying that the Employers' Liability Act may not be applied to a situation which is within its provisions unless in express terms the provisions of the act be formally invoked. Aside from its manifest unsoundness considered as an original proposition, the contention is not open, as it was expressly foreclosed in Seaboard Air Line R. Co. v. Duvall, 225 U. S. 477–482, 56 L. ed. 1171–1173, 32 Sup. Ct. Rep. 790." Or in the words of the note to Lamphere v. Oregon, R. & Nav. Co. 47 L.R.A.(N.S.) 75: "In order to have the benefit of the Federal act, it is not necessary that the act be mentioned, or that the plaintiff claim that he is suing under the act." And if true as to a plaintiff, it should likewise be true as to a defendant. "The authorities all agree with the reported case, that it is not necessary in order to entitle a plaintiff to a recovery under the Federal Employers' Liability Act, that the statute should be expressly referred to in the complaint, as the court is presumed to be cognizant of the enactment, and where the facts alleged bring the case within the act, full effect must be given to it. . . . On the same grounds, where the case made by the evidence is within the Federal act, the defendant is entitled to the benefit of its provisions, though neither party has pleaded the act." Quoting from note to Ann. Cas. 1914C, 171, citing St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 57 L. ed. 1129, 33 Sup. Ct. Rep. 651, Ann. Cas. 1914C, 156. The motion to dismiss invoked the Federal Employers' Liability Act as fully under the proof made as though it had also been raised by answer.

The other question is in order, i. e., whether under the proof it is established that the deceased employee, at the time of his death, was operating an instrumentality engaged in interstate commerce, with re-

covery therefor governed by the Federal act, to the exclusion of said state statutes under which this action is brought. Concededly, the engine was in charge of Hein as engineer, at the time of his death, and was hauling a train load of gravel "going to the Montana division" to be used for "ballasting the track on the Montana division." The gravel train was to be turned over to another crew at Williston "to go into Montana." The engine Hein was operating was hauling gravel from the Palermo pit to the Montana division. All this respondent admits, but claims that this is insufficient to establish that either the defendant or the train was engaged in interstate commerce within the provisions of the Federal Employers' Liability Act, requiring suit to be brought by the personal representative, and superseding the state statute permitting the surviving wife to sue. Instead, counsel in respondent's brief asserts that "as far as the evidence discloses the gravel could be used on some feeder or branch of the Montana division, or upon some sidetrack of the Montana division. The proof does not show that it was to be used on the *main line.*" And "the mere fact of hauling gravel from one state to another for its own use does not show that the defendant was engaged in interstate commerce; in fact, it does not even show that it was commerce that defendant was engaged in." In short, plaintiff asserts that in hauling its own gravel trains across the state line, loaded with gravel procured in this state for use as ballast in Montana, defendant was not engaged in interstate commerce, and hence the deceased was not engaged in facilitating interstate commerce so as to make the provisions of the Federal act applicable, unless it be shown further that the gravel was to be used for the repair of its *main line,* carrying interstate traffic. Judicial notice is taken of geographical facts and location of defendant's railroad, its business as a common carrier engaged in both interstate and intrastate traffic. It is not necessary that the proof disclose that the gravel was to be used upon the *main line.* It is sufficient to invoke the Federal act if deceased was operating an engine hauling a gravel train for part of a continuous haul from North Dakota into Montana. That fact alone establishes that interstate traffic was being performed and carried forward. Assuming that the cars comprising the train were empty, the defendant, nevertheless, would be engaged in interstate commerce, within the meaning of this Federal statute. Such are the explicit holdings in

United States v. St. Louis, I. M. & S. R. Co. 154 Fed. 516, and United States v. Chicago & N. W. R. Co. 157 Fed. 616, and North Carolina R. Co. v. Zachary, 232 U. S. 248, 58 L. ed. 591, 34 Sup. Ct. Rep. 305,. Ann. Cas. 1914C, 159, 9 N. C. C. A. 109. Johnson v. Southern P. Co.. 196 U. S. 1, 49 L. ed. 363, 25 Sup. Ct. Rep. 158, 17 Am. Neg. Rep. 412, and Schlemmer v. Buffalo, R. & P. R. Co. 205 U. S. 1, 51 L. ed. 681, 27 Sup. Ct. Rep. 407.

The following is the syllabus in 157 Fed. 616: "The mere hauling of an empty car from one state to another, even though it may be for the purpose of repairing a defect, is engaging in interstate commerce." 154 Fed. 516, reads: "It is insisted, however, that these cars were not being used, but were chained together and on the way to the shop for repairs. It is true that they were not being used in the sense that they were loaded; so, also, it is true that they were on the way to the shops. But it is equally true that they were cars that were used in moving interstate traffic, albeit at this particular time they were empty."

It is true that these two decisions were rendered under the Safety Appliance Acts, but controlling principles are the same. If it was interstate commerce under one statute, it would be under the other, as each is *in pari materia* with the other. Such is the express holding in North Carolina R. Co. v. Zachary, supra. The opinion in that case reads: "There seems to be no clear evidence as to the contents of these cars, and it is argued that, in the absence of evidence, it is as reasonable to infer that they were empty as that they were loaded; and that it was incumbent upon the defendant to show that they contained interstate freight. We hardly deem it so probable that empty freight cars would be hauled from the Virginia point to Spencer [N. C.]. But were it so the *hauling of empty cars from one state to another is, in our opinion,. interstate commerce within the meaning of the act"* (Federal Employers' Liability Statute). Such is the view that has obtained with respect to empty cars in actions based upon the Safety Appliance Act of March 2d, 1893 (27 Stat. at L. 531, chap. 196, Comp. Stat. 1913, § 8605). Johnson v. Southern P. Co. 196 U. S. 1, 21, 49 L. ed. 363, 371,. 25 Sup. Ct. Rep. 158, 17 Am. Neg. Rep. 412; Voelker v. Chicago, M. & St. P. R. Co. 116 Fed. 867–873. And like reason applies as we think to actions founded upon the Employers' Liability Act, which, indeed, is *in pari materia with the other."* This is the express holding of the

Federal court of last resort under the contention urged; if hauling empty cars across state lines is interstate commerce, hauling loaded ones certainly is. See also Atlantic Coast Line R. Co. v. Jones, 9 Ala. App. 499, 63 So. 693, 698; Peery v. Illinois C. R. Co. 123 Minn. 264, 143 N. W. 724; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779.

These holdings pass upon and expressly overrule respondent's contention. They establish that when killed deceased was driving an engine hauling a train then engaged in interstate commerce and in law within the provisions of the Federal Employers' Liability Act, and that it was immaterial where or how the gravel was to be used on arrival in Montana. It was a subject of interstate shipment, *en route* on an interstate train. This effectually answers, to the contrary, respondent's contention that defendant, in hauling its own cars to repair its own railroad, was not engaged in interstate commerce, where interstate lines are traversed in so doing.

Under the admitted facts this case is controlled by the said Federal statutes. The state statutes sued upon are superseded, and have no application.

"The Federal act is said to be the supreme law of the land upon the subject of the liability of interstate carriers for injuries to their servants, and to supersede all state legislation of the same subject, although it does not abrogate in terms such legislation. Consequently, if the accident occurs under such circumstances as to make the Federal statute applicable, the plaintiff, as well as the defendant, is bound by its terms. In such a case there can be no recovery under any state statute, even if the state statutes are more favorable to the plaintiff than the Federal act. If the Federal act applies, it is exclusive of other remedies, although the complaint may also set out a cause of action at common law or under some state statute." From note to 47 L.R.A.(N.S.) 48, citing abundance of authority sustaining it. Also see L.R.A.1916A, 450, and note, and Zikos v. Oregon R. & Nav. Co. 179 Fed. 893.

As under the Federal act suit can be prosecuted only by the personal representative of the deceased, this action by the wife individually, based upon the authority of the state statute thus superseded, is brought by a person not a real party in interest, and without right to maintain

it. The motion to direct a verdict of dismissal should have been granted. The judgment appealed from is ordered set aside and reversed, and dismissal directed.