GUST KOOFOS, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, a Foreign Corporation, Appellant.

(170 N. W. 859.)

Interstate railway carrier — employee of — removing snow from track — over which interstate trains run regularly — engaged in interstate commerce — injured while working — Employer's Liability Act.

1. An employee of an interstate railway carrier, who is injured while remov-

ing snow from a track over which interstate trains are being run regularly. is engaged in interstate commerce within the meaning of the Employer's Liability Act of Congress of April 22, 1908.

**Federal Employer's Liability Act — doctrine of contributory negligence — abolished by — comparative negligence — rule of — adopted.**

2. The Federal Employer's Liability Act abolished the doctrine of contributory negligence as a bar to recovery, and established the doctrine of comparative negligence.

**Employee — guilty of contributory negligence — injuries sustained — damages recoverable — how measured.**

3. Under the Federal Employer's Liability Act, the damages recoverable by an employee guilty of contributory negligence bear "the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both."

**Causal negligence — attributable in part to employer — contributory negligence will not defeat recovery — lessee's damages allowable — employer's act — no part of causation — employer freed from liability.**

4. Where the causal negligence is partly attributable to the employer, the contributory negligence of the employee will not defeat recovery, but only lessen the damages. It is only when the employee's act is the sole cause,— when the employer's act is no part of the causation,—that the employer is free from liability under the Federal Employer's Liability Act.

**Employer — peril — known to — failure to remove it — negligence even though known also by employee — when assurance given that perilous conditions will be corrected.**

5. It is negligence for which the master may be held responsible, if, knowing of any peril which is known to the servant also, he fails to remove it in accordance with assurances made by him to the servant that he will do so.

**Known peril — assurance of its removal — by master — reliance thereon — by servant — continuing work — assumption of risk — does not follow.**

6. A servant who refrains from abandoning certain work on the assurances of his master that he will remove a known peril cannot ordinarily be said to have assumed the risk of injury from such peril.

Opinion filed December 21, 1918.

Note.—As to the constitutionality, application, and effect of the Federal Employers' Liability Act, see the exhaustive annotations in 47 L.R.A. (N.S.) 38, and L.R.A. 1915C, 47.

As to whether track repairing and work in connection therewith as furthering interstate commerce is within the Federal Employers' Liability Act, see notes in 47 L.R.A. (N.S.) 55; L.R.A.1915C, 62, and L.R.A.1918E, 859.

41 N. D.—12.

Appeal from the District Court of Ward County, *Leighton, J.*

Defendant appeals from a judgment and from an order denying its alternative motion for a judgment notwithstanding the verdict or for a new trial.

Affirmed.

*Murphy & Toner,* for appellant.

Improper statements made by section boss to an employee, and calling him vile and approbrious names, was not within the scope of the employment of such section boss, nor in the furtherance of his master's business. It would clearly indicate a personal animus on the part of the section boss, and amount to a wilful wrong and injury against plaintiff, and the master is not liable. Galehouse v. Soo Ry. Co. 22 N. D. 615; Kinnonen v. Great Northern Ry. Co. 34 N. D. 556.

The case is lacking in proof that the defendant was running interstate trains over said line at the time plaintiff was shoveling snow on one of its tracks. 29 Cyc. 507–510.

If plaintiff's theory is correct, then the foreman committed an independent tort against him, and, if this be true, the foreman was acting outside the scope of his employment, because there is no proof that defendant authorized the foreman to deprive the plaintiff of his free agency, and the burden in this respect was upon plaintiff. Bradshow v. Louisville R. Co. 14 Ky. L. Rep. 688, 21 S. W. 346; Labatt, Mast. & S. § 438; Ferren v. Old Colony R. Co. 143 Mass. 197, 9 N. E. 608, 15 Am. Neg. Cas. 481; Kean v. Detroit, C. & R. Mills, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; Hoth v. Peters, 55 Wis. 405, 13 N. W. 219; Linch v. Sagamore Mfg. Co. 143 Mass. 206, 9 N. E. 728; Showalter v. Fairbanks M. & Co. 88 Wis. 376, 60 N. W. 257; Burlington R. Co. v. Liehe, 17 Colo. 290, 29 Pac. 175.

Where the danger is apparent, plain and obvious, and under no circumstances can be said to be hidden or concealed, the employee continuing the work assumes the risk. 20 Cyc. 1177; Reardon v. State, 4 Tex. App. 602; Easterly v. VanSlyke, 21 Neb. 611, 33 N. W. 209; Love v. Wyatt, 19 Tex. 312; Cressy v. Postville, 59 Iowa, 62, 12 N. W. 757; Thormegan v. King, 111 U. S. 549; Loving v. Dixon, 56 Tex. 75; Lindley v. Sullivan, 133 Ind. 588; Razoo v. Varmi, 81 Colo. 289; R. Co. v. Peavey, 29 Kan. 169.

All statutes similar to that upon which reliance is here placed are

construed and considered merely as establishing rules of evidence or of procedure, and not as abrogating the defense of contributory negligence. Delaware, L. & W. R. Co. v. Welshman, 229 Fed. 82; Hall v. West Jersey & S. R. Co. 244 Fed. 104; Schumacher v. Central R. Co. (N. J. L.) 89 Atl. 517.

*McGee & Goss* and *E. R. Sinkler,* for respondent.

Where the foreman of a railroad company gives to an employee an order and direction, which of course must be obeyed and followed by the employee, and such order and direction in its execution result in injury to the employee, the company is liable, because the foreman is working within the scope of his employment and authority. Galehouse v. Soo Line, 22 N. D. 615.

Plaintiff was engaged in interstate commerce when injured. Lombard v. Boston & M. R. R. Co. 223 Fed. 427; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 59 L. ed. 1125; Hein v. G. N. R. Co. 34 N. D. 440; United States v. St. Louis, I. M. & S. R. Co. 154 Fed. 515; United States v. Chicago & N. W. R. Co. 157 Fed. 616; North Carolina R. Co. v. Zackary, 232 U. S. 248, 58 L. ed. 591; Johnson v. Southern Pac. 196 U. S. 1, 49 L. ed. 363; Schlemmer v. Buf. R. & P. Co. 205 U. S. 1, 51 L. ed. 681; Ann. Cas. 1914C, 167; Fish v. Chicago, R. I. & P. R. Co. 263 Mo 106, 172 S. W. 340; Hyatt v. Hannabel & St. J. R. Co. 19 Mo. App. 287, 70 L.R.A. 926.

Where a servant is engaged in work and is exposed to a danger and peril known to him and of the existence of which the master also has knowledge, but gives assurance to the servant that such peril will be removed, and the servant, relying upon such assurance, continues his labors, he cannot be said to have assumed the risk. Fish v. Chicago, R. I. & P. R. Co. 263 Mo. 106, 172 S. W. 340; Hyatt v. Hannabel & St. J. R. Co. 19 Mo. App. 287, 70 L.R.A. 926; Schumaker v. St. P. & D. R. Co. 46 Minn. 39, 12 L.R.A. 257, 48 N. W. 559.

It is immaterial here whether plaintiff was engaged in interstate or intrastate commerce.

The law of the case is identical under the Federal Statute and our state law. Federal Employers' Liability Act, 35 Stat. at L. 65, Fed. Stat. Anno. 1909, Supp. 584; Employers' Liability Stat. Laws 1915, chap. 207; Kansas City W. R. Co. v. McAdow, 240 U. S. 51, 60 L. ed. 520; Chicago & N. W. R. Co. v. Gray, 237 U. S. 399, 59 L. ed.

1018, 9 N. C. C. A. 452; Ely v. C. G. W. R. Co. 166 N. W. 740; Troxell v. Del. R. Co. 185 Fed. 540; Galveston R. Co. v. Averill (Tex.) 136 S. W. 98.

CHRISTIANSON, Ch. J.   This is an action for personal injuries brought under the Federal Employer's Liability Act.   The case was tried to a jury which returned a verdict in favor of the plaintiff for $2,295.   Judgment was entered pursuant to the verdict and the defendant appeals from the judgment and the order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

The evidence showed that the plaintiff, who at that time was twenty-three years of age, went to work for the defendant Railway Company about January 19th, 1916, as a member of an extra gang employed in shovelling snow and fixing snow fences on the defendant's railroad in Montana.   On Sunday, February 7th, 1916, the extra gang was at Scobey, Montana.   On the evening of that day, the foreman requested plaintiff and the other members of the crew to go out and clean the snow out of some cuts between Scobey and Flaxville.   While there is some conflict as to the exact degree, it is undisputed that the weather was very cold.   The plaintiff testified that the thermometer registered more than 40° below zero, and that there was a blizzard.   According to plaintiff's testimony he objected to going out to work that evening owing to the existing weather conditions, whereupon he was assured by the foreman that a warm passenger coach would be taken along in which the workmen could ride to and from work and to which they could retire and warm themselves, if it became necessary, while they were working; also, that fires would be built along the track; that they would go out only a distance of 2 or 3 miles and would be gone only about two or three hours.   The plaintiff testified that he thereupon dressed for work by putting on the same amount and kind of clothing which he had been wearing while engaged in performing similar work for the defendant that winter, and that he started a fire in the heater in the coach connected with the engine.   As they were about to start, the foreman informed the plaintiff and other members of the crew that it was unnecessary to take the coach as they were only going a distance of 2 or 3 miles and would be gone only two or three hours; that the plain-

tiff and the other members of the crew thereupon in accordance with the directions of the foreman climbed upon the tender of the engine and that they rode there in traveling to their work. They left Scobey about eight or eight thirty in the evening, but instead of going a distance of only 2 or 3 miles and returning in two or three hours, they continued to move from cut to cut for a distance of from 10 to 12 miles, and did not return to Scobey until about, or after, five o'clock the following morning. No fires were built along the track. The plaintiff and the other members of the crew from time to time went into the engine cab and warmed themselves. The plaintiff testified that some time after midnight he endeavored to go into the cab for the purpose of warming himself and informed the foreman that he was getting cold, and that his feet were very cold; and that the foreman prevented him from getting on the engine and told him, in vile and profane language, to go back to work; that when they started back to town the plaintiff was instructed by the foreman to get up on the tender, that he did so, and rode back to Scobey in that position; that on arriving at Scobey he reported to the foreman that his feet were frozen; and that some four hours later the foreman secured a doctor. It is undisputed that plaintiff froze both of his feet, and that as a result he was confined to his bed in Scobey for four days and on the fifth was taken to Williston by the defendant and placed in a hospital in that city; that he remained in such hospital for some time; and that the defendant's surgeon amputated two toes on the left foot. The testimony also showed that at the time of the trial both feet were discolored; that the cause of the discoloration was the enlargement of the blood vessels thereby causing a lack of normal circulation and rendering the feet more susceptible to heat and cold. A physician testified that this condition was permanent.

The plaintiff's testimony is disputed on many points. The foreman specifically denied that he ever promised to take along a heated coach or build fires along the railroad track, but he admits that he stated they would go out only 2 or 3 miles and be gone only for two or three hours. He, however, denied positively, that he refused to permit the plaintiff to get on the engine for the purpose of warming himself, or that he used the language which plaintiff claims, or any other abusive language, toward the plaintiff.

Appellant contends that plaintiff was not engaged in interstate commerce within the meaning of the Federal Employer's Liability Act. The contention is obviously without merit. The question was not raised in any manner in the court below. And there was no reason for raising it as the evidence all showed that the passenger trains on the line where plaintiff was employed at the time he sustained his injuries were all interstate trains. Plaintiff was engaged in clearing a track over which an interstate passenger train would leave Scobey the following morning. He was clearly engaged in interstate commerce. Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779; Lombardo v. Boston & M. R. Co. 223 Fed. 427; Hardwick v. Wabash R. Co. 181 Mo. App. 156, 168 S. W. 328; Sanders v. Charleston & W. C. R. Co. 97 S. C. 50, 81 S. E. 283; Clark v. Chicago, G. W. R. Co. 170 Iowa, 452, 152 N. W. 635; Southern R. Co. v. Puckett, 244 U. S. 571, 61 L. ed. 1321, 37 Sup. Ct. Rep. 703, Ann. Cas. 1918B, 69. See also Hein v. Great Northern R. Co. 34 N. D. 440, 159 N. W. 14.

Defendant, also, contends that: (1) Defendant's negligence has not been proven; (2) plaintiff was guilty of contributory negligence; and, (3) plaintiff assumed the risk of the injuries. And it is therefore argued that the court erred in denying a motion for a directed verdict based upon these grounds.

It is, of course, elementary that negligence, contributory negligence, and assumption of risk are, ordinarily, questions for the jury. They become questions of law only when reasonable men, from the evidence, can draw but one conclusion with respect thereto.

As already stated this action was brought under the Employer's Liability Act of Congress, April 22, 1908, chap. 149, 35 Stat. at L. 65, Comp. Stat. § 8657, 8 Fed. Stat. Anno. 2d ed. p. 1208. There is no liability under that act in the absence of negligence on the part of the Railroad Company or some of its employees. Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 501–502, 58 L. ed. 1062–1069, L.R.A. 1915C, 1, 34 Sup. Ct. Rep. 635, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834; Manson v. Great Northern R. Co. 31 N. D. 643, 649, 155 N. W. 32. But by § 3 of the act is declared that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in propor-

tion to the amount of negligence attributable to such employee: Provided, that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

The statute established the doctrine of comparative negligence, and abolished contributory negligence as a bar to recovery. Contributory negligence is a factor, and may still be shown (except in the case of a violation of a statute enacted for the safety of the employees), but its only effect is to diminish the damages. And in case the employee has by his own negligence contributed to the injury, his damages are to be diminished in proportion to the amount of negligence attributable to the negligent employee as compared with the combined negligence of the employee and the employer. As was said by the United States Supreme Court in Norfolk & W. R. Co. v. Earnest, 229 U. S. 114, 121, 122, 57 L. ed. 1096, 1100, 1101, 33 Sup. Ct. Rep. 654, Ann. Cas. 1914C, 172:

"The statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee's means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both; the purpose being to abrogate the common-law rule completely exonerating the carrier from liability in such a case, and to substitute a new rule confining the exoneration to a proportional part of the damages corresponding to the amount of the negligence attributable to the employee."

Hence, the trial court was clearly right in refusing to direct a verdict on the ground of contributory negligence, and properly submitted that question to the jury as one to be considered in diminution of damages only.

We are also of the opinion that the trial court was entirely correct in holding that the questions of negligence and assumption of risk were for the jury. The master is required to exercise such ordinary and reasonable care and precaution for the safety of his servant as the

nature and dangers of the business admit of and demand. As between master and servant negligence should be measured by the character and risk of the business engaged in. 26 Cyc. 1077, 1078. While a servant on accepting the employment assumes all the ordinary and usual risks and perils incident thereto, which he knows, or may, in the exercise of reasonable care, know to exist, he does not assume the extraordinary and unusual risks of the employment. 26 Cyc. 1177–1180. And the servant has a right to rely upon representations and assurances of the master, as to the absence of, or precautions against, danger, unless the danger is obvious and imminent. 26 Cyc. 1185. See also Southwestern Brewery & Ice Co. v. Schmidt, 226 U. S. 162, 57 L. ed. 170, 33 Sup. Ct. Rep. 68. Judge Cooley, said:

"It is also negligence for which the master may be held responsible, if knowing of any peril which is known to the servant also, he fails to remove it in accordance with assurances made by him to the servant that he will do so. This case may also be planted on contract, but it is by no means essential to do so. If the servant having a right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances that the danger shall be removed, the duty to remove the danger is manifest and imperative, and the master is not in the exercise of ordinary care unless or until he makes his assurances good. Moreover the assurances remove all ground for the argument that the servant, by continuing the employment, engages to assume its risks. So far as the particular peril is concerned the implication of law is rebutted by the giving and accepting of the assurance; for nothing is plainer or more reasonable than that parties may and should, where practicable, come to an understanding between themselves regarding matters of this nature." Cooley, Torts, 3d ed. pp. 1156, 1157.

The principle announced by Judge Cooley is applicable to the case at bar. Hyatt v. Hannibal & St. J. R. Co. 19 Mo. App. 287; Schumaker v. St. Paul & D. R. Co. 46 Minn. 39, 12 L.R.A. 257, 48 N. W. 559. As was said by the court in Hyatt v. Hannibal & St. J. R. Co. supra: "What difference can there be in an assurance against danger from defects in machinery and against danger from being extraordinarily exposed to the rigor of extraordinary weather? If, as was said, the master cannot prevent the severity of the weather, he can very well provide against it. . . . Notwithstanding the defendant might not

have been liable in this case if he had not promised to provide protection from the extraordinary weather; . . . yet, when the assurances were given, and the plaintiff was induced thereby to undertake the extraordinary work, it became the duty of the defendant to protect him in the manner assured."

Defendant, also, predicates error upon the court's instructions to the jury. In its brief, defendant says: "If the court was satisfied as a matter of law that the defendant was guilty of gross negligence, and the plaintiff only guilty of slight negligence in comparison, he should have so instructed the jury, deciding the question himself." It further says: "In every personal injury case arising under our statute where a railroad employee is involved, there is a question to be settled either as a matter of law or by the jury, which is a condition precedent to the right of recovery. That question is, Was the negligence of the plaintiff slight and the negligence of the defendant gross in comparison? If the facts are not disputed, or even though disputed, reasonable minds could only draw one conclusion therefrom, and it appears that the negligence of plaintiff was not slight, or on the other hand, that the negligence of defendant was not gross in comparison with the plaintiff's negligence, there can be no recovery as a matter of law, and the court upon application should direct a verdict."

In our opinion defendant's contentions are erroneous, and in direct conflict with the provisions of the statute. The Federal Employer's Liability Act was enacted for the purpose of making certain changes in the then existing law relating to interstate railroads and their employees. Under the laws in force at the time of the enactment of the Employer's Liability Act, an employer, though guilty of actionable negligence, would be absolved from liability by establishing the contributory negligence of the employee. The Employer's Liability Act expressly changed this, and provided that contributory negligence on the part of the employee should no longer absolve the employer from liability, but should merely be available as a defense upon the question of the amount of damages. Where the causal negligence is partly attributable to the employer, the contributory negligence of the employee will not defeat recovery, but only lessen the damages. "It is only when plaintiff's act is the sole cause,—when defendant's act is no part of the causation,—that defendant is free from liability under the act."

Grand Trunk Western R. Co. v. Lindsay, 120 C. C. A. 166, 201 Fed. 836; id., 233 U. S. 42, 47, 58 L. ed. 838, 842, 34 Sup. Ct. Rep. 581, Ann. Cas. 1914C, 168; Pennsylvania Co. v. Cole, 214 Fed. 948; Louisville & N. R. Co. v. Holloway, 163 Ky. 125, 173 S. W. 343. See also Norfolk & W. R. Co. v. Earnest, 229 U. S. 114, 122, 57 L. ed. 1096, 1101, 33 Sup. Ct. Rep. 654, Ann. Cas. 1914C, 172.

As already pointed out there can be no recovery under the Employer's Liability Act in the absence of actionable negligence on the part of the railroad company or its employees. A party, in order to maintain an action under the act must allege and prove (as in other actions based upon negligence): (1) The existence of some duty or obligation on the part of the defendant toward the plaintiff; (2) a failure to discharge that duty; and, (3) injury resulting from such failure. And, of course, when the employee's negligence is in fact the sole cause of the injuries, he is not entitled to recover any damages from his employer.

The Federal Employer's Liability Act in effect says to the employer: In case one of your employees sustains injuries by reason of your failure to discharge any legal duty which you owe him, you will be required to compensate him therefor to the extent, and to the extent only, that your negligence has caused him detriment. On the other hand it says to the employee: In case you are injured through the negligence of your employer, he will be required to compensate you for the detriment you suffer by reason of his negligence; if you are injured by reason of the combined negligence of yourself and your employer, you must bear that portion of the detriment which your own negligence occasions, and can recover from your employer only such amount as will compensate you for the share of your total loss which your employer has occasioned; but if your injury is in fact occasioned solely through your own negligence then you, and you alone, must bear the loss.

The remaining exceptions to the instructions are so obviously devoid of merit as to merit no consideration.

The judgment and order appealed from must be affirmed. It is so ordered.

GRACE, J. I concur in the result.