# DENNIE MANSON v. GREAT NORTHERN RAILWAY COMPANY.

## (155 N. W. 32.)

**Interstate commerce — section boss — hand car — riding on — railroad company — Federal employer's liability act — negligence.**

Plaintiff was a section boss engaged in interstate commerce. Upon the day of his injury he took a hand car with thirteen men, besides himself, and worked upon an adjoining section. While returning in the evening it began to rain, and one of the men under him let go of the handle bars to put on his coat. In so doing he lost his balance, and plaintiff, in order to hold the man upon the hand car, himself released his hold, fell from the car, and was injured. There is no evidence that plaintiff had requested more hand cars or complained of the crowded condition. Evidence examined and *held:*

That the railroad company is guilty of no negligence for which it is liable under the Federal employers' liability act.

Opinion filed October 26, 1915.

Appeal from the District Court of Ward County; *Leighton, J.* Reversed.

*Dudley L. Nash* and *Murphy & Toner,* for appellant.

There was no negligence shown on the part of defendant. The in-

jury was the result of an accident, or was due to the careless exercise of functions of control by the plaintiff. Hunter v. Kansas City & M. R. & Bridge Co. 29 C. C. A. 206, 54 U. S. App. 653, 85 Fed. 379; Hamilton v. Chicago, R. I. & P. R. Co. 93 Iowa, 46, 61 N. W. 415; Cameron v. Great Northern R. Co. 8 N. D. 618, 80 N. W. 885, 7 Am. Neg. Rep. 146; Dewey v. Chicago & N. W. R. Co. 31 Iowa, 373; Kenney v. Central R. Co. 61 Ga. 590; Illinois C. R. Co. v. Modglin, 85 Ill. 481; St. Louis, A. & T. R. Co. v. Denny, 5 Tex. Civ. App. 359, 24 S. W. 317; Brunswick & W. R. Co. v. Smith, 97 Ga. 777, 25 S. E. 759; Birmingham Furnace & Mfg. Co. v. Gross, 97 Ala. 220, 12 So. 36.; Taylor v. Baldwin, 78 Cal. 517, 21 Pac. 124; McDermott v. Atchison, T. & S. F. R. Co. 56 Kan. 319, 43 Pac. 248; Hudson v. Charleston, C. & C. R. Co. 55 Fed. 248; Berlick v. Ashland Sulphite & Fiber Co. 93 Wis. 437, 67 N. W. 712; Gorham v. Kansas City & S. R. Co. 113 Mo. 408, 20 S. W. 1060; Lane v. Central Iowa R. Co. 69 Iowa, 443, 29 N. W. 419; Chicago & N. W. R. Co. v. Snyder, 117 Ill. 376, 7 N. E. 604; Gulf, C. & S. F. R. Co. v. Silliphant, 70 Tex. 623, 8 S. W. 673; Gulf, C. & S. F. R. Co. v. Hubert, — Tex. Civ. App. —, 54 S. W. 1074.

The plaintiff must be held, conclusively and as a matter of law, to have assumed any risk incident to so carrying his men on the hand car. Kelly v. Chicago, M. & St. P. R. Co. 53 Wis. 74, 9 N. W. 816; Bradshaw v. Louisville & N. R. Co. 14 Ky. L. Rep. 688, 21 S. W. 346; Carr v. North River Constr. Co. 48 Hun, 266; Kennedy v. Pennsylvania R. Co. 1 Monaghan (Pa.) 271, 17 Atl. 7; Lake Shore & M. S. R. Co. v. Knittal, 33 Ohio St. 468; Bengston v. Chicago, St. P. M. & O. R. Co. 47 Minn. 486, 50 N. W. 531; Weed v. Chicago, St. P. M. & O. R. Co. 5 Neb. (Unof.) 623, 99 N. W. 827; Southern P. Co. v. Ryan, — Tex. Civ. App. —, 29 S. W. 527; Norton v. Louisville & N. R. Co. 16 Ky. L. Rep. 846, 30 S. W. 599; Sliney v. Duluth & W. R. Co. 46 Minn. 384, 49 N. W. 187; Berlick v. Ashland Sulphite & Fiber Co. 93 Wis. 437, 67 N. W. 712; Beckman v. Consolidated Coal Co. 90 Iowa, 252, 57 N. W. 889.

Plaintiff would not have been disobeying the order of his master had he made several trips in conveying his men, were there not room for them all on the car. He did not request more cars. In any event, the order of the master is wholly immaterial on the question of the assumption of the risk. Bradshaw v. Louisville & N. R. Co. 14 Ky.

L. Rep. 688, 21 S. W. 346; Labatt, Mast. & S. § 438; Ferren v. Old Colony R. Co. 143 Mass. 197, 9 N. E. 608, 15 Am. Neg. Cas. 481; Kean v. Detroit Copper & Brass Rolling Mills, 66 Mich. 277, 11 Am. St. Rep. 492, 33 N. W. 395; Hoth v. Peters, 55 Wis. 405, 13 N. W. 219; Linch v. Sagamore Mfg. Co. 143 Mass. 206, 9 N. E. 728; Showalter v. Fairbanks, M. & Co. 88 Wis. 376, 60 N. W. 257; Burlington & C. R. Co. v. Liehe, 17 Colo. 290, 29 Pac. 175.

Plaintiff was guilty of contributory negligence in that he was not in his proper place on the car, but, under the rules and custom, he was in a place where he had no right to be at the time of the accident. Southern P. Co. v. Ryan, — Tex. Civ. App. —, 29 S. W. 527.

If the car was in fact insufficient, the plaintiff knew it, and he also knew the danger, and, having elected to ride and to operate the car, he assumed the risk of injury. The Federal employers' liability act does not change the rule. Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 58 L. ed. 1062, L.R.A.1915C, 1, 34 Sup. Ct. Rep. 635, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834.

*Francis J. Murphy,* for respondent.

This case is within the Federal employers' liability act. State courts of general jurisdiction not only may but must enforce a right arising under such act. Act of April 22, 1908, 35 Stat. at L. 65, chap. 149; Act of April 5, 1910, 36 Stat. at L. 291, chap. 143; Second Employers' Liability Cases (Mondou v. New York, N. H. & H. R. Co.) 223 U. S. 1, 56 L. ed. 327, 38 L.R.A.(N.S.) 44, 32 Supp. Ct. Rep. 169, 1 N. C. C. A. 875; Oliver v. Northern P. R. Co. 196 Fed. 432; Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 57 L. ed. 417, 33 Sup. Ct. Rep. 192, Ann. Cas. 1914C, 176; Pederson v. Delaware, L. & W. R. Co. 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648, Ann. Cas. 1914C, 153, 3 N. C. C. A. 779; Southern R. Co. v. Howerton, — Ind. App. —, 101 N. E. 121; Zikos v. Oregon R. & Nav. Co. 179 Fed. 893; Horton v. Oregon-Washington R. & Nav. Co. 72 Wash. 503, 47 L.R.A.(N.S.) 8, 130 Pac. 897.

Defendant's negligence in not furnishing plaintiff with a sufficient number of cars with which to do the work assigned was the proximate cause of the injury. Milwaukee & St. P. R. Co. v. Kellogg, 94 U. S. 469, 474, 24 L. ed. 256, 259; Hayes v. Michigan C. R. Co. 111 U. S. 228, 28 L. ed. 410, 4 Sup. Ct. Rep. 369.

' ·The defense of contributory negligence set up by defendant in its answer is abolished by the Federal employers' liability act, and is held to be solely a question for the jury. Fogarty v. Northern P. R. Co. 74 Wash. 397, L.R.A.—, —, 133 Pac. 609; McDonald v. Railway Transfer Co. 121 Minn. 273, 141 N. W. 177; Norfolk & W. R. Co. v. Earnest, 229 U. S. 114, 57 L. ed. 1096, 33 Sup. Ct. Rep. 654, Ann. Cas. 1914C, 172; Grand Trunk Western R. Co. v. Lindsay, 120 C. C. A. 166, 201 Fed. 836.

·The doctrine of the assumption of the risk is also abolished by the act. Philadelphia, B. & W. R. Co. v. Tucker, 35 App. D. C. 123, L.R.A.1915C, 39; Wright v. Yazoo & M. Valley R. Co. 197 Fed. 94; Southern R. Co. v. Howerton, — Ind. App. —, 101 N. E. 121; Sandidge v. Atchison, T. & S. F. R. Co. 113 C. C. A. 653, 193 Fed. 867; Malloy v. Northern P. R. Co. 151 Fed. 1019.

The question whether continued working in circumstances of danger with knowledge thereof amounts to an assumption of risk is a question of fact, that must not be withdrawn from the jury. Beven, Neg. 1908, 3d ed. p. 620; New York, N. H. & H. R. Co. v. Vizvari, L.R.A.1915C, 14, 126 C. C. A. 632, 210 Fed. 118; Labatt, Mast. & S. 2586.


BURKE, J. In June, 1911, plaintiff was section boss for defendant, stationed at Cedar, Minnesota. He had had about four years' experience, and had under him at the time thirteen men, having had them for about ten or twelve days. He had one hand car. He testifies that he received a letter from his road boss directing him to take out these men and meet the adjoining section crew upon the following day. In the morning he loaded his crew upon the hand car and went to the place designated. What happened upon the return trip in the evening is related by himself: "We were going home on the way at 5:30, and we were packed close together, and one of my men, as he was very close to me, started to go to put on his coat on account of rain, so he lost his balance, and he started to fall, and I caught him from falling, and I was close to the pump, as it was pumping too hard and the pump threw me in the middle of the track. The best I could do, I shoved myself to one side a ways, and just as I got my body out of the track the wheel caught my foot and ran over my foot."

He further testifies:

Q. Now this order you got from your road master,—did he say anything to you with reference to the number of men you were to take?

A. Yes, sir.

Q. How many men did he tell you to take?

A. All my men.

.    .    .    .    .    .    .    .    .    .

Q. You were not running any faster than you ordinarily ran?

A. I don't remember.

.    .    .    .    .    .    .    .    .    .

Q. How large a hand car was it?

A. I don't know.

Q. Haven't any idea?

A. Just a small car.

Q. What is the number of it?

A. I don't remember.

Q. Isn't it a fact, that that car is about 4 feet, 8 inches wide, and 6 feet long, is that about the size of it?

A. I don't know, I cannot tell.

.    .    .    .    .    .    .    .    .    .

Q. Which hand did you use to grab this other man with?

A. With left hand.

Q. Where did you grab him?

A. I grabbed him from his body.

Q. Where?

A. From his neck somewhere I grabbed him.

Q. Caught him in front?

A. Yes, sir.

Q. By the throat?

A. I grabbed him somewhere, I don't remember where. I grabbed him to protect him from falling.

.    .    .    .    .    .    .    .    .    .

Q. How did you come to fall?

A. As I grabbed for the man to protect the man from falling, the pumping which was close to me—I could not stand myself in the same way, and I grabbed him and I went pretty close to the handle, and the

pump handle as it was running struck me over here and threw me in the middle of the track.

Q. If you had not attempted to grab the other fellow you would not have fallen off, would you?

A. No, sir.

Q. If you had not let go of the handle bar you would not have fallen off, is that right?

A. No, sir.

Q. You mean to say that you would have fallen off whether you hung on to the handle bar or not, is that what you mean to say?

A. If I would not grab him I would not fall off.

There is no evidence that plaintiff complained to the railroad company about the lack of hand cars. Plaintiff in his brief states his position as follows: "This action was brought under the statute (Federal employers' liability act, 35 Stat. at L. 65, 66, chap. 149, Comp. Stat. 1913, §§ 8657–8665), upon the theory that the hand car furnished to the plaintiff and his coemployees by the defendant railroad company was wholly insufficient and inadequate to carry the number of men required by the defendant company to ride upon the same, the gravamen of this action being negligence in furnishing an insufficient number or inadequate kind of instrumentality, not that the instrumentality furnished was in defective condition. The facts disclosed by the record in this case bring the action clearly within the terms of § 1 of the act." Section 1 of said act, to which reference is had above, reads as follows: "Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or in case of the death of such employee to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent.

upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Plaintiff had judgment, defendant appeals, urging two propositions: First, that no negligence has been shown against the defendant; and, second, that plaintiff knew, appreciated, and assumed the risk of the injury.

Since its first passage in 1908, the Federal employers' liability act has been constantly before the courts. Comprehensive notes covering those decisions will be found in 47 L.R.A.(N.S.) page 38, and L.R.A. 1915C, at page 47. The constructions given by the various courts have settled many questions which otherwise might have arisen in this case. It is conceded that in the case at bar the state laws are superseded by said Federal legislation. See Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 58 L. ed. 1062, L.R.A.1915C, 1, 34 Sup. Ct. Rep. 635, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834.

The principal changes made by the Federal statutes from the state laws are the abrogation of the fellow-servant doctrine and that one guilty of contributory negligence is entirely precluded from recovery. Seaboard Air Line R. Co. v. Horton, supra, by which it has been established that the common-law defense of assumption of risk is open to the defendant except in cases of the violation of the statute passed for the protection of an employee.

(1) We now approach the first disputed question. Has any negligence been proven against the defendant company?

Negligence is the basis of all liability under the act, and there can be no recovery under the act in the absence of negligence on the part of the railroad company or some of its employees. Hardwick v. Wabash R. Co. 181 Mo. App. 156, 168 S. W. 328; Southern R. Co. v. Howerton, 182 Ind. 208, 105 N. E. 1025, 106 N. E. 369; Cincinnati, N. O. & T. P. R. Co. v. Goldston, 156 Ky. 410, 161 S. W. 246; Chesapeake & O. R. Co. v. Walker, 159 Ky. 237, 167 S. W. 128; Helm v. Cincinnati, N. O. & T. P. R. Co. 156 Ky. 240, 160 S. W. 945; Cincinnati, N. O. & T. P. R. Co. v. Swann, 160 Ky. 458, L.R.A.1915C, 27, 169 S. W. 886; Cincinnati, N. O. & T. P. R. Co. v. Hill, 161 Ky. 237, 170

S. W. 599; Collins v. Pennsylvania R. Co. 163 App. Div. 452, 148 N. Y. Supp. 777; Gee v. Lehigh Valley R. Co. 163 App. Div. 274, 148 N. Y. Supp. 882; Hobbs v. Great Northern R. Co. 80 Wash. 678, L.R.A.1915B, 503, 142 Pac. 20.

In the case at bar plaintiff, to sustain this verdict, must point out from the evidence some act of the railroad company or its employees that can be said to constitute negligence. He answers that it was a failure to furnish him with sufficient hand cars; that if the hand car had not been crowded the accident would not have occurred. The authorities already cited abundantly show that the negligence of the railway company or its employees must have been the proximate cause of the injury, and that the burden of proving such rests upon the plaintiff. Charleston & W. C. R. Co. v. Brown, 13 Ga. App. 744, 79 S. E. 932; Fish v. Chicago, R. I. & P. R. Co. 263 Mo. 106, 172 S. W. 340, 8 N. C. C. A. 538.

Whether or not the failure of the railway company to furnish sufficient hand cars constitutes negligence depends on a great many things: First, we find nothing in the record to indicate that plaintiff complained of the overcrowding or had ever demanded of any of his superior officers another hand car. Again, we have his testimony to the effect that if he had not attempted to save another man from falling from the car, he would not have been injured. Plaintiff was the section boss, and could have taken two trips to bring home this crew upon the company's time, if he had so desired. There was no rule or regulation or order from any source requiring him to take this load at one time. There is no evidence that any person in authority knew of the overcrowding of the hand car. In what way, then, was the railway company at fault? If this accident had happened to one of the section men working under plaintiff, and he had positive orders from plaintiff to make the trip, a different situation would exist, and we are unable to see wherein the company is liable for not furnishing extra hand cars which were never demanded of them. Respondent cites us to several cases which he claims sustained his theory. Knapp v. Great Northern R. Co. — Minn. —, 153 N. W. 849, is one of those decided in July of this year. An examination of the facts in that case shows that an employee of the railway company, a station agent, had the additional duty of running a pumping station operated by a gas-

olene engine. Upon the shafting of the pump were two dangerous set screws. Plaintiff slipped upon the floor and fell against the machinery, was pulled into the machinery by the protruding set screws, and was injured. The supreme court of Minnesota says: "It is also said plaintiff's negligence was the sole cause of the injury; that had he not slipped, or got so near that his clothing were caught, the accident would not have happened. We think it more reasonable to say that his stumbling would have been of no serious consequence had there been no negligence in leaving a dangerous place exposed upon the machinery." We fully agree with the doctrine of the Minnesota court, but do not think it is authority in the case at bar. We are also cited to Kreigh v. Westinghouse, C. K. & Co. 214 U. S. 249, 53 L. ed. 984, 29 Sup. Ct. Rep. 619, but we find in that case the following language: "But there was testimony in the case tending to establish the unsafe character of the derrick when operated in the manner it was intended to be operated." In the case before us, it is conceded that the hand car was not defective. Plaintiff had control of the car, and could regulate the size of the crew and the speed of the car. He could have stopped the car while the crew put on rain coats. While there may have been some overcrowding, it certainly was not the proximate cause of the injury. On the other hand, it is plain that the direct cause of the injury was plaintiff's action in saving his friend from falling. This was a pure accident for which the railway company is not liable.

The consideration of the second phase of this question will be unnecessary. The judgment of the trial court is reversed and the action ordered dismissed.