JOHN WINGEN, Appellant, v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, Respondent.

(173 N. W. 832.)

**Master and servant — scope of employment — negligence.**

In this case plaintiff was employed by defendant as an ordinary carpenter on the division of its railroad between Portal and Harvey. On the night of September 16, the plaintiff and several other carpenters got on to a gas car to run from Flaxton to Portal, a distance of 8 or 9 miles, and when midway between the two places, they ran against a hand car wrongfully on the track and defendant was seriously injured.

*Held*, that there is no proof of wrong or neglect to sustain a verdict for damages.

Opinion filed November 16, 1919.   Rehearing filed July 16, 1919.

Appeal from the District Court of Burke County, Honorable, *K. E. Leighton*, Judge.

Plaintiff appeals.

Affirmed.

*E. R. Sinkler* and *M. O. Eide*, for appellant.

It was the duty of the defendant to have the car under such control as to admit of its being stopped after he became able to discern objects on the track and before a collision with such objects should occur. La Pantney v. Shedden Co. 74 N. W. 713; Sliney v. Duluth & W. R. Co. 49 N. W. 187; 3 Labatt, Mast. & S. p. 3402, note; Texas Co. v. Beck, 133 S. W. 439; Horton v. Crosstown Str. R. Co. 121 N. Y. Supp. 749.

Negligence is imputed, as a matter of law, to an employee who allows a car under his management to travel at a rate of speed which is dangerous under the circumstances. 3 Labatt, Mast. & S. § 1254; English v. Chicago, M. & St. P. R. Co. 24 Fed. 908.

*John E. Greene* and *John L. Erdall* (*Alfred H. Bright,* of counsel), for respondent.

If the specifications do not conform to the statute and the rules of this court, it is held that the question will not be reviewed on appeal. Gagnier v. Fargo, 12 N. D. 219, 96 N. W. 841; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Flora v. Mathwig, 19 N. D. 4, 121 N. W. 63; Jackson v. Ellersen, 15 N. D. 533, 108 N. W. 241; Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366; Feil v. N. W. German F. Ins. Co. 28 N. D. 357.

Negligence cannot be regarded as the proximate cause of an injury so long as it appears that some other thing contributed to produce the result. Moore v. Abbot, 32 Me. 53.

An injury that is not the natural consequence of the negligence, and would not have resulted from it but for the interposition of some new individual cause that could not have been anticipated, is not actionable, the negligence not being the proximate cause. Scale v. Gulf, C. & S. F. R. Co. 65 Tex. 277, 57 Am. Rep. 602; Missouri, K. & T. R. Co. v. Byrne, 40 C. C. A. 402, 100 Fed. 362; Washington v. Baltimore & O. R. Co. 17 W. Va. 196; Clark v. Wilmington & W. R. Co. 109 N. C. 430, 14 L.R.A. 749, 14 S. E. 47; Louisville & N. R. Co. v. Quick, 125 Ala. 553, 28 So. 14, 16; Wehner v. Lagerfelt, 27 Tex. Civ. App. 520, 66 S. W. 224.

An employer is liable for the act of an employee in charge of his vehicle only when it is committed under express or implied authority, and in the course of his employment. Thomp. Neg. art. 526, p. 489; Railroad Co. v. Dawkins (Tex.) 13 S. W. 982; Fleischner v. Durgin,

207 Mass. 435, 93 N. E. 801; Patterson v. Kates, 152 Fed. 481; Danforth v. Fisher, 75 N. H. 111, 21 L.R.A.(N.S.) 93, 17 Atl. 535; Steffen v. McNaughton, 142 Wis. 49; Cunningham v. Castle, 127 App. Div. 590; Slater v. Advance Thresher Co. 107 N. W. 133; Morier v. St. P. M. & M. R. Co. 31 Minn. 351, 17 N. W. 952; Smith, Mast. & S. 151; 2 Thomp. Neg. 855, 866; Shearm. & R. Neg. §§ 62, 63; Cooley, Tort, §§ 533 et seq.; Little Miami R. Co. v. Wetmore, 20 Ohio St. 110; Storey v. Ashton, L. R. 4 Q. B. 476; Mitchell v. Crassweller, 13 C. B. 236; McClenaghan v. Brock, 39 S. C. L. (5 Rich.) 17; Davis v. Houghtelin, 14 L.R.A. 737.

ROBINSON, J.   This is an action for a personal injury based on the alleged negligence of defendant.   As it appears plaintiff was a carpenter working for defendant at $75 a month on its division between Portal and Harvey.   On a dark night of September 16, 1916, about 8 P. M., the plaintiff and six other carpenters were at Flaxton, where they got onto a gas car to go to their home or headquarters at Portal, a distance of 8 miles.   When they had gone about 4 miles they ran against a gas car No. 2 standing on the track.   The plaintiff was thrown off and seriously injured.   At the time of the accident, plaintiff sat on the front seat with the driver, and held a lantern and occupied the position of a lookout.

There is no showing that the car was going at an unusual speed or that the plaintiff made any objection to the speed.   A speed of 25 miles an hour would have made the distance from Flaxton to Portal in twenty minutes and from Flaxton to the place of the accident in ten minutes.   No one knew the speed of the car at the time of the accident.   It was a matter of conjecture,—a mere guess.   But as the car had run only 4 miles and had only another 4 miles to run, the chances are that it was run at ordinary speed, and there is no evidence that anyone objected to the speed.

When the standing car was first observed by the plaintiff and the driver, it was at a distance of one or two rails—the distance of a second in the measure of time, and as it takes some time for the mind to think and to act, there was no time to stop the moving car so as to prevent the collision; and a sudden stop would have thrown the plaintiff directly in front of the car.   Hence, there is no force in the ob-

jection that the car was not equipped with new brakes so that it might have been stopped or slowed up in the fraction of a second. Such a sudden stop or slow up would have been more dangerous than the collision.

Without the leave or license of the defendant, and contrary to its orders, the standing car had been wrongfully taken from Portal by the section foreman and others who were going to a lodge meeting at Flaxton. The car on the track was the real and proximate cause of the injury, but it was not there through any fault or negligence of the defendant. The defendant was not bound to stand with a club, and to keep watch and ward to prevent the wrongful taking of the gas hand car from Portal. Railroad companies must act through their servants, and assume that servants will not wrongfully take and misuse their property.

The plaintiff claims the benefit of the Employers' Liability Act: 35 U. S. Stat. at L. 65, chap. 149, Comp. Stat. § 8657, 8 Fed. Stat. Anno. 2d ed. p. 1208; Laws 1915, chap. 207. These sections provide that every common carrier by steam railroad is liable in damages to any employee suffering injury while he is employed by such carrier in interstate commerce, if such injury results in whole or in part from the negligence of any officers, agents, or employees of such carrier; or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, or equipment; and also that an employee shall not be held to have assumed the risk of his employment in cases where the carrier violates a statute for the safety of employees and such violation contributes to the injury.

Aside from the employer's liability statute, it is provided:

Section 6108. An employer must in all cases indemnify his employee for losses sustained by the former's want of ordinary care.

Section 6107. An employee is not bound to indemnify his employer for losses suffered by him in consequence of the ordinary hazard of the business.

Section 5948. Every person is responsible for an injury occasioned to another by his want of ordinary care and skill in the management of his property or person except so far as he has wilfully or by want of ordinary care brought the accident upon himself.

The briefs of counsel do not discuss the question as to whether or

not at the time of the accident plaintiff was employed in the business of interstate commerce, and on the record it does not seem necessary for the court to decide that question. However, in the opinion of the writer, the ordinary carpenter work done by the plaintiff had no more of interstate commerce than the digging of potatoes for defendant on its right of way. Under either statute the question presented is one of ordinary care, and there is no proof to show a lack of ordinary care in any respect. Hence, there was no proof to sustain a verdict for damages.

Judgment affirmed.

GRACE, J. I dissent.

## On Rehearing.

PER CURIAM. The plaintiff contends that the former decision erroneously held that the plaintiff was not engaged in interstate commerce. The contention is without foundation. It is true the writer of that decision expressed as his individual opinion that plaintiff was not engaged in interstate commerce, but the remaining members of the court did not do so. They deemed this to be immaterial, and expressed no opinion thereon. The Federal Employers' Liability Act and the state act are in all essentials the same. See 35 U. S. Stat. at L. 65, chap. 149, Comp. Stat. § 8657, 8 Fed. Stat. Anno. 2d ed. p. 1208; N. D. Laws, 1915, chap. 207. Under both laws, negligence is the basis of liability, and there can be no recovery under either act in the absence of negligence on the part of the railroad company or some of its employees. Seaboard Air Line R. Co. v. Horton, 233 U. S. 492, 501, 502, 58 L. ed. 1062, 1068, 1069, L.R.A.1915C, 1, 34 Sup. Ct. Rep. 635, Ann. Cas. 1915B, 475, 8 N. C. C. A. 834; Manson v. Great Northern R. Co. 31 N. D. 643, 649, 155 N. W. 32; Vanevery v. Minneapolis, St. P. & S. Ste. M. R. Co. 41 N. D. 599, 171 N. W. 610; Koofos v. Great Northern R. Co. 41 N. D. 176, 170 N. W. 859. A party, in order to be entitled to recover under either act, "must allege and prove (as in other actions based upon negligence): (1) The existence of some duty or obligation on the part of the defendant toward the plaintiff; (2) a failure to discharge that duty; and (3) in-

jury resulting from such failure." Koofos v. Great Northern R. Co. supra.

This is not a case where an employee of the company while engaged as such violates some rule by leaving a hand car or other obstruction upon the track. The undisputed facts are that the section foreman at Portal on the evening the accident happened took out the hand car for the purpose of *taking some companions*—not employees of the defendant—*to Flaxton to attend a lodge meeting.* It is undisputed that the proposed trip was in no manner connected with any business of the defendant. It is also undisputed that the taking and use of the car was in violation of the express rules and specific instructions of the company, and that the section foreman knew this to be so. It is further undisputed that the rule had been kept, and had never before been violated by the section foreman in question. Suppose the section foreman, instead of taking the hand car, had taken an automobile with an attachment so as to enable him to propel it along the railroad track, would anyone contend that the company would have been liable for any injury occasioned thereby? Yet the defendant railroad company had no more connection with the matter of the travel by hand car than if the section foreman and his companions had attempted to use an automobile, or than if they had walked along the track. The men were in no manner engaged in the service of the company, either directly or indirectly. The only connection the company had with the matter was that the parties were wrongfully using for their own private purposes a hand car belonging to the company.

On the other hand, there is no showing that the car in which plaintiff was traveling was being driven at an excessive rate of speed. In fact the evidence negatives rather than affirms excessive speed. Nor is there, in our opinion, any evidence from which reasonable men in the exercise of their judgment could find that the injury was occasioned by reason of defective appliances on the car on which plaintiff traveled. In our opinion the evidence in the case warrants only one conclusion,—that the proximate cause of the accident was the placing of the hand car on the track by the man or men who had wrongfully taken it from the defendant for the purpose of going to Flaxton to attend a lodge meeting at that place. Such man or men were not employees or representatives of the defendant, but were trespasssrs on

its railway. And such man or men—and not the defendant—were responsible for the injuries sustained by the plaintiff.

We adhere to the conclusion reached in the former decision,—that plaintiff has failed to establish that he was injured by reason of any negligent act on the part of the defendant or its employees.

BRONSON, J. I dissent. The evidence is sufficient to warrant a conclusion of fact that the plaintiff was subject to the terms of the Federal Employers' Liability Act. The complaint alleges a cause of action within the Federal statute. In any event, it is clear that the plaintiff at the time of his injury was then an employee of the defendant railway company, then engaged, either in interstate or intrastate commerce. It is unnecessary to make any extended discussion concerning the application of the Federal or the state Employers' Liability Act. The writer has fully discussed these matters in the dissenting opinion in Froelich v. Northern P. R. Co. post, 550, 173 N. W. 822. There is evidence in this case sufficient to form a question of fact for the jury concerning the negligence of the defendant in furnishing defective appliances which were the proximate cause of the injury sustained. The trial court improperly directed a verdict for the defendant. The judgment ought to be reversed and a new trial granted.

GRACE, J., concurs.