This action was brought under the Federal Employers' Liability Act to recover damages for personal injuries. Defendant demurred to the amended complaint. The demurrer was overruled and defendant now brings the cause to this court.
The defendant contends on this appeal that the court erred in overruling the demurrer to the amended complaint for the reasons (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that the complaint shows on its face that the plaintiff has no cause of action against the defendant; that the sole cause of his injury, if any, was the negligence of one Norris in driving his automobile upon and against the plaintiff.
In his amended complaint plaintiff alleges that the defendant railway company is a common carrier engaged in interstate commerce; that its line of railroad runs through the city of Minot, North Dakota; that the plaintiff was employed by the defendant as switchman and worked at such employment in the city of Minot; that defendant's line of railroad runs east and west through the city of Minot and is crossed at grade by one of the streets of the said city running north and south. In paragraphs 4-12, inclusive of the complaint (and they contain the only *Page 354 
allegations purporting to set forth defendant's negligence and resulting injuries to plaintiff), plaintiff further alleges:
 IV.
"That it was the duty of said defendant at and during all the times herein mentioned and referred to, to protect and guard said crossing above described, for the benefit of its employees and those using said public crossing, by having a man in its employ at said crossing when trains, cars and engines were being operated over said crossing by defendant to give warning and notice to those using said public crossing, of the danger incident to the operation of trains, cars and engines over said crossing and to see to it that no one attempted to use said public highway by passing over a crossing near to said railway track when cars, engines or trains were being moved or about to be moved over said crossing. That at the time plaintiff was injured as herein set forth, defendant carelessly and negligently failed and neglected to have said duties performed.
 V.
"That it was the duty of the said defendant at and during all the times herein mentioned and referred to, to construct, maintain and operate gates at said crossing hereinbefore mentioned, and the defendant at and during all said times carelessly and negligently failed so to do.
 VI.
"That in July 1924, defendant made and promulgated a rule known as Rule No. 102 which is by reference made a part of this complaint; which rule provided for the protection of highway traffic and the employees of said defendant at crossings, by having a man at said crossings to see that all highway traffic has been stopped and to protect the said crossing. That said rule was in force at the time of plaintiff's injury herein stated. That at the time of plaintiff's said injury, defendant carelessly and negligently failed and neglected to have the duties required by said rule performed. *Page 355 
 VII.
"That it was the duty of the said defendant to furnish a safe place for the said plaintiff to work in and to furnish and use on its line of railroad only such cars as were equipped with standard appliance and that it was the duty of the said defendant to see to it that the said cars used by them were in proper condition and not broken, in any manner, and to see to it that the handholds on the said cars were sound and not out of repair or loose.
 VIII.
"That at the time of receiving the injuries hereinafter set forth this plaintiff was riding on one of the said cars used by the said defendant in its said business of common carrier by railroad, and that the said car was at the said time unsafe and was not equipped with standard appliances, and that the step on the car on which plaintiff was first standing at the time of receiving said injuries was more than twenty-one inches from the first handhold on the said car and was as this plaintiff verily believes about thirty inches from the first handhold, and that at said time the said first handhold on said car on the said north west corner of said car and at the place where the plaintiff was riding, was loose and was not in a safe condition, and that the said handhold was out of repair, and that said car was then and there being used in Interstate Commerce.
 IX.
"That on the said 15th day of September, 1924, while this plaintiff as such employee of defendant, was performing his duties as a switchman at and near the said crossing hereinbefore described and while one of the engines belonging to said defendant was backing up in an easterly direction with a train of cars attached thereto over the said street and public crossing hereinbefore mentioned and while this plaintiff was upon the west end of said train of cars and at a point upon said street and public crossing, an automobile driven by one, Eddie Norris, did strike this plaintiff while he was standing on the sill-step of one of the *Page 356 
cars of said defendant, thereby causing the injuries to this plaintiff which are hereinafter set forth.
 X.
"That said Eddie Norris, in running his automobile against and upon the said plaintiff while he was standing upon said car, did so on account of the negligence and carelessness of said defendant in failing to keep, construct and maintain gates at said street and public crossing and by reason of the negligence and carelessness of said defendant in signaling to the said Eddie Norris to come across said crossing, which said signaling was done by one of the employees of said defendant, and by reason of the negligence and carelessness of said defendant in allowing and permitting the said Eddie Norris to approach and come upon said public crossing while this plaintiff was standing upon said car and by reason of the negligence and carelessness of the said defendant in inviting and motioning to the said Eddie Norris to make said crossing, and by reason of the negligence and carelessness of the said defendant in causing and allowing its said train as hereinbefore described, to stop and stand at and upon said crossing.
 XI.
"That the said plaintiff received the injuries hereinafter set forth by reason of the negligence of the defendant as hereinbefore set forth and by reason of the negligence and carelessness of the defendant in failing to furnish the plaintiff with a safe place in which to work, and by reason of the negligence and carelessness of the defendant in failing to have the said car equipped with standard appliances and by reason of the negligence and carelessness of the defendant in using the said car so equipped, and in using the said car on which the sill-step was thirty inches from the first handhold and by reason of the negligence and carelessness of the defendant in allowing and permitting the said first handhold to be and become out of repair and loose and in an unsafe condition.
 XII.
"That by reason of the premises, this plaintiff received and sustained *Page 357 
severe and permanent injuries to his left leg and foot and body, and will be permanently crippled and has suffered and is suffering great physical and mental pain and will continue to suffer great physical and mental pain in the future, and his health has been greatly injured and damaged by reason of said injuries so received, and he verily believes that his health will be permanently injured and damaged and that he has been, ever since said 15th day of September 1924, unable to work, and will be, as he verily believes unable to work for a long time in the future."
Under the Federal Employers' Liability Act, U.S. Comp. Stat. § 8657 et seq., there is no liability in the absence of negligence on the part of the railway company or some of its employees. A party in order to recover under the act must allege and prove: (1) The existence of some duty on the part of the defendant toward the plaintiff. (2.) A failure to discharge that duty. (3) Injury proximately resulting from such failure. See Miller v. Minneapolis, St. P. S. Ste. M.R. Co. 50 N.D. 206, 195 N.W. 33; Froelich v. Northern P.R. Co. 42 N.D. 550, 173 N.W. 822; Wingen v. Minneapolis, St. P. S. Ste. M.R. Co. 42 N.D. 517, 173 N.W. 832; Koofos v. Great Northern R. Co. 41 N.D. 176, 170 N.W. 859; Manson v. Great Northern R. Co. 31 N.D. 643, 155 N.W. 32. It thus becomes necessary to examine the complaint in question and ascertain whether from the facts therein pleaded and the inferences necessarily or reasonably to be drawn from such facts, it is possible to say as a matter of law that the defendant railway company was negligent with respect to the matters occurring and out of which the alleged injury arose, and whether if it was negligent the injury received by the plaintiff was proximately caused by such negligence.
"The demurrer admits the truth of all well pleaded facts, but not necessarily the inferences or conclusions drawn therefrom, though alleged in the complaint; facts presumed or reasonably or necessarily inferred from those alleged are also admitted. 31 Cyc. 335, 336. Legal conclusions or inferences of fact, which are not presumed or which may not be reasonably or necessarily inferred from facts alleged, are not admitted by the demurrer." Torgerson v. Minneapolis, St. P. S. Ste. M.R. Co. 49 N.D. 1096, 194 N.W. 741.
Giving the plaintiff the advantage of every intendment, as we must, the complaint in this case can be said to state no more with reference to the crossing where the alleged accident occurred than that it was a crossing *Page 358 
of the defendant railway company's line of road at grade by a street of and within the city of Minot. In paragraphs 4 and 5 of his complaint plaintiff alleges that at the time of the accident it was the duty of the defendant to guard and protect this crossing by posting a man there to give notice and warning of the danger incident to the operation of its rolling stock over the crossing, and that it was likewise the defendant's duty to construct, maintain and operate gates at the crossing for the same purpose. It seems self evident that the mere fact that a street intersects a railroad within the limits of a city does not raise any duty on the part of the railroad to place a flagman or gates at the crossing for the protection of either the public or itself. There is no statute that we are aware of imposing any such requirement. Whether such duty arises must necessarily depend upon the circumstances of each particular case. Here, there are no facts pleaded with respect to this crossing from which it is possible to say that such a duty arose. The plaintiff's allegations as to the defendant's duty in the respects above mentioned are mere conclusions of law, and in the absence of allegations of fact to support them are not admitted. To this extent then the demurrer should be sustained. See Schueler v. Mueller, 193 Ill. 402, 61 N.E. 1044; Pittsburgh, C.C. St. L.R. Co. v. Peck, 165 Ind. 537, 76 N.E. 163; Heron v. St. Paul, M. M.R. Co. 68 Minn. 542, 71 N.W. 706; Lemos v. Madden,28 Wyo. 1, 200 P. 791; Edmanson v. Wilmington P. Traction Co. ___ Del. ___, 120 A. 923. See also 29 Cyc. 567 and cases cited.
But the plaintiff insists that it otherwise sufficiently appears upon the face of the complaint that the defendant was under the duty to post a man at the crossing in question for the purpose of protecting the same and stopping traffic thereover when the defendant was occupying it. He bases this contention on the allegations contained in paragraph 6 of the complaint. In this paragraph he alleges that at the time of the accident the defendant had in force a rule known as Rule No. 102, which provided for the placing of a man at crossings for the protection of the public and defendant's employees. The rule is not set out and we have no means of knowing its terms and purpose other than from the allegations in the complaint. Conceding, however, that the rule is sufficiently pleaded and its purpose is as the plaintiff alleges, and that a failure to comply with it constituted negligence on the part of the *Page 359 
defendant, the mere showing of such negligence does not fix a liability upon the defendant for the injuries that plaintiff may have received. The plaintiff must go further and plead and prove that such negligence was the proximate cause of the accident resulting in the plaintiff's injury. While, generally, negligence and proximate cause are questions for the jury, they become questions of law when the facts are undisputed, and reasonable men in the exercise of reason and judgment can draw but one inference from them. See Miller v. Minneapolis, St. P. S. Ste. M.R. Co. supra; 1 Cooley, Torts, 3d ed. p. 111. Keeping in mind the facts as disclosed by the complaint, can it be said that the failure to have a flagman at the crossing was the proximate cause of the accident and injury to the plaintiff? Proximate cause has been defined to be "that cause which, as a natural and continuous sequence, unbroken by any controlling intervening cause, produces the injury, and without which it would not have occurred." See White, Personal Injuries on Railroads, § 22. See also Garraghty v. Hartstein, 26 N.D. 148, 143 N.W. 390; Wilson v. Northern P.R. Co. 30 N.D. 456, L.R.A. 1915E, 991, 153 N.W. 429; Christianson v. Chicago, St. P.M. O.R. Co. 67 Minn. 94, 69 N.W. 640, 16 Am. Neg. Cas. 314. Now this accident occurred in the day time. The crossing was at grade. Nothing further is disclosed with reference to it. The defendant's train occupied the crossing at the time. In this situation Norris, in his automobile, ran into the last car of the train. However negligent the defendant may have been in failing to provide a flagman, yet, intervening between that negligence and the accident and injury was a responsible human agency — Norris, a stranger to the defendant; — surely a controlling intervening cause, without which the accident would not have happened. We cannot see how the presence of a flagman would have obviated the accident which in fact occurred. Such a flagman could have been there for but one purpose, — to give warning to wayfarers that the crossing was, or was about to be, occupied by the defendant's train. It cannot be urged that it was the duty of a flagman to interpose some physical resistance to prevent persons from attempting to cross the defendant's tracks. The train on which the plaintiff was riding had almost passed the crossing when Norris approached in his automobile. It consisted of other cars besides that on which the plaintiff was riding and of the engine which was pulling these cars. Norris, if in condition to take warning *Page 360 
from the flagman of the prior occupancy of the crossing by defendant's train, must have had notice of that fact by reason of the occupancy of the crossing by defendant's train itself. Warning through his sense of sight could, so far as the averments of the plaintiff go, have been as well conveyed to Norris by the train itself as by the signals of the flagman. It is beyond question that the failure to post a man at the crossing was not the proximate cause of the injury.
The plaintiff also insists that the complaint sets up negligence on the part of the defendant in paragraph 10, wherein it is alleged (inconsistently we think) that Norris was signaled and invited to pass over the crossing by an employee of the defendant. Conceding that the defendant was negligent in the respects charged, nevertheless, plaintiff is again confronted with the question of proximate cause. A simple statement of the facts seems to us to be a plain and sufficient answer to this question. The defendant's train occupied the crossing. Norris, in his automobile, was signaled by an employee of the defendant that he might cross. It does not appear that Norris' view was obstructed in any way. Notwithstanding that the train occupied the crossing, he attempted to cross with the inevitable result — he ran into the train. What we have said in the preceding paragraph is equally applicable here. Intervening between the negligence of the defendant in giving the signal to cross and the accident was the responsible human agency — Norris. A controlling intervening cause for which the defendant was in no wise responsible, and without which the accident would not have happened. See Farley v. Norfolk W.R. Co. 67 W. Va. 350, 27 L.R.A.(N.S.) 1111, 67 S.E. 1116; Frush v. Waterloo, C.F. N.R. Co. 185 Iowa, 156, 169 N.W. 360.
Plaintiff further seeks to predicate liability on the part of the defendant because of the fact that the car upon which the plaintiff was riding at the time of the accident was not equipped with proper sill-step and handholds as required by the rules of the interstate commerce commission promulgated under the provisions of the Safety Appliance Acts. U.S. Comp. Stat. §§ 8605, et seq. See order of interstate commerce commission of date March 13, 1911, designating the number, dimensions, location and manner of application of certain safety appliances. Now the plaintiff bottoms his contention in this regard on that portion of his complaint wherein he alleges that at the time of the injury the defendant *Page 361 
was hauling, with one of its engines, a train of cars from west to east across the street intersection in question; that he, the plaintiff, in his employment as switchman, was then riding on the sill-step on the northeast corner of the last car of the train then being hauled across the intersection; that the handholds above the sill-step were loose and insecure, and the first handhold above the sill-step was more than twenty-one inches therefrom; that while so riding the plaintiff was injured in the leg by reason of one Norris driving his automobile against the plaintiff and the car upon which plaintiff was then riding. The defendant, by its demurrer, admits the facts with reference to the condition of the car, the sill-step and handholds, the manner in which the plaintiff was riding thereon, and the acts which he was engaged in performing. Likewise it admits the fact of the collision by Norris with the car and the injury occasioned to the plaintiff thereby. The order of the interstate commerce commission above referred to, required that the handholds be safe and secure and that the first tread or handhold above the sill-step be not more than twenty-one inches therefrom. So, it stands admitted that the car and the appliances were not within the requirements or the order. Accordingly, the plaintiff maintains that this failure to comply with the order constituted negligence, and that the mere fact that the order was not complied with is sufficient to fix defendant's liability if the injury was due to such noncompliance; that the allegation as contained in paragraphs 10 and 11 of the complaint that such injury occurred by reason of the negligence of the defendant in failing to provide the required appliances is a sufficient allegation of fact on demurrer. Certainly, failure by defendant to comply with the safety appliance requirement was negligence per se. La Point v. Hodgins Transfer Co. 48 N.D. 1032, 188 N.W. 166; Schendel v. Chicago, M. St. P.R. Co. 165 Minn. 223,206 N.W. 436. And if such negligence was the proximate cause of plaintiff's injury under the Safety Appliance Acts, the liability is absolute. Great Northern R. Co. v. Otos, 239 U.S. 349, 60 L. ed. 322, 36 Sup. Ct. Rep. 124; Schendel v. Railway Company, supra. But in order to sustain his cause the plaintiff must plead and prove not only that the defendant was negligent and that the plaintiff was injured, but also that the defendant's negligence was the proximate cause of the injury; that there was some causal connection between the negligence and the injury. Lang v. New York C.R. Co. 255 U.S. 455, *Page 362 
65 L. ed. 729, 41 Sup. Ct. Rep. 381; Schendel v. Chicago, M. 
St. P.R. Co. supra; 20 R.C.L. 43, and cases cited. The facts as pleaded and admitted by the demurrer must control, but they control not only as against the defendant but against the plaintiff as well. These facts negative the legal conclusion — that the negligence of the defendant was the cause of the injury — for which the plaintiff contends. How under the circumstances as disclosed in the complaint could there be any causal connection between the negligence of the defendant in failing to comply with the safety appliance requirements and the injury? By what stretch of imagination can it be said that the injury, received in the manner in which the complaint discloses that it was received, was the proximate result of the defective handholds and sill-step? The appliances complained of were required for the greater security to defendant's employees in coupling and uncoupling cars and in climbing to and from the car to which they were affixed. They were not provided as a means of escaping from automobiles that might be wantonly or recklessly driven upon and against moving or standing trains. The plaintiff's injury was incurred not through and because of defective appliances, but by reason of the collision of Norris' automobile with the train.
Viewed from any direction the complaint fails to state facts sufficient to constitute a cause of action against the defendant, and the demurrer must be sustained.
The order overruling the demurrer is reversed.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur. *Page 363